STATE of Maine

v.

Robert CREAMER.

Supreme Judicial Court of Maine.

Nov. 17, 1977.

Henry N. Berry, III, Dist. Atty., Peter Ballou, Deputy Dist. Atty., John Kugler, Law Student, Portland, for plaintiff.

Paul K. Stewart, Maurice Davis, Portland, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

A judgment of conviction was entered August 9, 1976, in the Superior Court (Cumberland County) upon a jury verdict (August 4, 1976) finding defendant Robert Creamer guilty, as charged by indictment, of the crime of "Receiving Stolen Goods" (17 M.R.S.A. § 3551).[1]

We deny defendant's appeal from the judgment.

This Court was previously concerned with the facts here involved when it decided *State v. Creamer*, Me., 359 A.2d 603 (1976). That decision contains a complete statement of the circumstances leading to defendant's arrest, his prior conviction and first appeal.

That first appeal having been sustained, defendant was again tried before a jury. The instant appeal relates to matters occurring at the retrial.

The State called as a witness Dorothy Eldridge, the wife of Woodbury Eldridge.

---

1. 17 M.R.S.A. § 3551 provides in pertinent part: "Whoever buys, receives or aids in concealing stolen property, knowing it to be stolen, shall be punished:

\*     \*     \*     \*     \*     \*

"*2. Value exceeds $100.* If the value thereof exceeds $100, by a fine of not more than $500 or by imprisonment for not more than 5 years."

Woodbury Eldridge had previously been convicted of breaking, entering and larceny in the nighttime in connection with the incident here involved. *State v. Eldridge*, Me., 334 A.2d 862 (1975). Testimony given by Mrs. Eldridge during direct examination was at odds in several respects with testimony given by her at defendant's first trial. More specifically, at the first trial Mrs. Eldridge had identified defendant Creamer as one of the men who had brought the stolen property to her home a few hours after the burglary, but in her direct testimony at the second trial she said she was unsure whether defendant was at her home that night. Under Rule 801(d)(1) M.R. Evid., in effect at the time of the instant trial, the presiding Justice admitted in evidence Mrs. Eldridge's testimony at the first trial, as above-described. There was no objection by defendant. At the conclusion of all the evidence defendant moved for judgment of acquittal, and the motion was denied.

In his charge the presiding Justice told the jury that it was entitled to use prior inconsistent statements of a witness to evaluate the credibility of the witness. Going beyond this, however, the presiding Justice instructed, without objection by defendant, that

" . . . any testimony which was received at that prior trial and was read to you in this case may be considered by you . . . [with] all the other evidence in this case and given such weight as you may think it deserves . . . ."

The effect of this latter part of the instruction was to give substantive evidentiary effect to Mrs. Eldridge's first trial testimony identifying defendant Creamer as one of the men who brought the stolen property to her home a few hours after the robbery.

■ Defendant asserts on appeal that the presiding Justice erred in attributing such substantive evidentiary effect to Mrs. Eldridge's first-trial testimony. The contention is that Rule 801 does not purport to change prior Maine law as stated in *State v. Fournier*, Me., 267 A.2d 638 (1970). Since, however, at the time this evidence was of-

fered defendant did not attempt to limit the scope of its admissibility and did not object to the instruction of the presiding Justice expressly giving the testimony substantive force, the issue is being raised for the first time on appeal. We will take cognizance of it as error, if it be error at all, only if it is deemed error so serious as to deprive defendant of a fundamentally fair trial.

We decide that Rule 801 changed the law of Maine which, prior to the promulgation of Rule 801, had treated Mrs. Eldridge's first-trial testimony as hearsay (notwithstanding that it was given under oath and subject to cross-examination) and thus held it admissible in evidence not substantively but only as a prior inconsistent statement of Mrs. Eldridge tending to impeach her credibility. Rule 801 states in the plainest terms that the first-trial testimony of Mrs. Eldridge, because " . . . given under oath subject to the penalty of perjury at a trial . . . " is a "statement . . . [which is] not hearsay." Hence, it is admissible as substantive evidence (absent other independent grounds to exclude it).

The instruction of the presiding Justice was, therefore, correct. There being no error at all, defendant could gain nothing even had he saved the issue at trial; *a fortiori*, he gains nothing by a manifest error claim.

We turn to defendant's second point of appeal, as saved by his motion for judgment of acquittal, that the evidence was inadequate to prove defendant guilty as charged.

■ To find defendant guilty of the crime defined by 17 M.R.S.A. § 3551 the jury must have been convinced beyond a reasonable doubt that defendant (a) bought or received or aided in concealing property which was (b) stolen and (c) known by defendant to be stolen. *State v. Creamer*, Me., 359 A.2d 603 (1976); *State v. Thibodeau*, Me., 317 A.2d 172 (1974). Proof beyond a reasonable doubt that defendant committed the crime in any one of the three modes—buying, receiving or aiding in concealing—is sufficient for a conviction. *State v. Creamer*, supra. Here, the State's

contention is that the evidence was legally sufficient to establish that defendant either received or aided in concealing stolen property which he knew to be stolen.

We agree with the State's position. We hold the evidence sufficient, especially in light of our decision herein that the jury was correctly authorized to consider as substantive evidence Mrs. Eldridge's testimony at defendant's first trial: that both defendant and his brother, Gary Creamer, entered her home on the night of the burglary in possession of the stolen property a few hours after the offense had been committed.

The entry is:

*Appeal denied.*

*Judgment affirmed.*

POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., and DUFRESNE, A. R. J., concurring.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.